Bowen, J.
Two questions are presented for our consideration in. this case. 1. Did the district court err in permitting the deposition of Weaver to be read?
Section 351 of the code provides that the officer taking the deposition shall annex thereto a certificate showing, among other things, “that the witness was first sworn to testify the truth, the whole-truth, and nothing but the truth.”
The deposition was taken in the State of Indiana, before a notary public, who, at the close of it, certifies that the witness was by him sworn to testify, etc., omitting the word first. This is a compliance with the form prescribed in Swan's Statutes of 1841, page 324, but does not meet the requirement of the code. There must be a certificate annexed to the deposition, by the officer, that the witness was first sworn. But the annexation of such certificate need not, necessarily, be at the bottom of the deposition. The officer may attach it to any part of the instrument, ^taking care to make [499 it plainly his own certificate of the fact that the witness was first sworn. At the head of the deposition now in question, the officer-commences as follows: “Samuel Weaver, of lawful age, being by me first duly sworn, as hereunto certified, deposes as follows, to wit; ”■ and then, after writing down his testimony, adds at the bottom of it a certificate as before stated, together with his signature and seal of office. This, we think, complies with the language of the code,, and rendered the admission of the evidence proper.
2. Was there any error committed by the court in refusing to grant a new trial ? An answer to this question involves the inquiry whether the ruling of the court upon such a motion, alleging as the only ground of making it, that the verdict is contrary to the evidence, is the subject of exception, and can, by such means, be reviewed by proceedings in error ?
A bill of exceptions is given by the code to any decision of the court upon a matter of law. Statutes, 660, sec. 290. It is not intended, however, to draw the whole controversy into examination again, but only the points to which it is taken; and the party ex *500 •cepting must lay his finger on those points which might arise either in admitting or denying evidence, or matter of law arising from a fact not denied, in which either party is overruled ■ by the court. 5 Johns. 467.
The case on which we are now required to decide affords a striking illustration of the utility of this doctrine. There have been two jury trials in two different judicial tribunals. The facts have been detailed in both instances. The plaintiff and defendant have, each time, been witnesses for themselves, and have given to the jury their respective explanations and statements. Two verdicts have been found for the plaintiff, much less in amount, it is true, 500] than the sum ^claimed by him. And now, after the failure of two juries, who have listened patiently to the proofs and arguments of the parties, to satisfy the plaintiff by their verdict, and after the court has, on those two occasions, pronounced the law of the case to the jurors in such a manner as to avoid complaints, this court is asked to examine the evidence, weigh the relative credibility of the witnesses, and determine on the existence of facts, to the total subversion of one of the most salutary maxims of the law : that to questions of fact the jury are to respond — to questions of law, the judges. 8 Ohio, 508.
There is no law requiring this at our hands. A motion for a new trial may be addressed to the court which tries the cause, and a review of the evidence given to the jury, and of its bearings upon the rights of the parties, may thus be invoked. But an erroneous decision upon it, is a determination only of facts, not of the lap of the case, and no exception to the ruling can be taken, so as to place it upon the record. A judgment rendered, or final order made by a court of inferior'jurisdiction, may be reversed, vacated, or modified, by this court, for errors appearing upon the record. Sec. 514, of the ■Code. But there is no authority given to place upon the record, for examination, the ruling of such court upon the facts of the case in •disposing of a motion for new trial.
Such a proceeding, we think, was unknown in this state until the passage of the “ act to regulhte the judicial courts and the practice thereof,” on the 12th of March, 1845. By this act the right of appeal from the common pleas to the Supreme Court of actions at law was abolished. 43 Ohio L. 80. And in order to secure, with greater •certainty, the allowance of new trials, whenever it might seem proper that they should be had, a provision was inserted giving ex *501, 502 press leave to except to the opinion of the court *on a motion [501 for a new trial, based on the insufficiency of the evidence to support the verdict. That law was repealed by section 606 of the •code, and no similar provision has been enacted in its place. There 'is, therefore, no power in this court to review the decisions of other ooui’ts on mere questions of fact, in civil cases, determined by a jury, or by the court itself on submission of a cause to it for trial by the parties.
The judgment of the district court is affirmed.
Bartley, C. J., and Swan, Brinkerhoee, and Scott, JJ., concurred.